IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RUBBERLITE INC., a West Virginia corporation,
and JAMES ALLEN MAYO, a natural person,

            Plaintiffs,

v.                                               CIVIL ACTION NO. 3:08-1106

BAYCHAR HOLDINGS, LLC, a Maine limited
liability company, BAYCHAR INC., a Maine
corporation, BAYCHAR, a natural person,
BAYCHAR TECHNOLOGIES, INC., a Maine
corporation, and DOES 1 through 100,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Baychar Technologies, Inc.'s (BTI's) Motion to Dismiss for Lack of Personal Jurisdiction (doc. 10). For the following reasons, the Court **DENIES** this motion. The Court also **GRANTS** Plaintiffs' request for leave to file a Second Amended Complaint.

**FACTS**

Defendant is a corporation incorporated under the laws of Maine. Plaintiffs are a corporation incorporated under the laws of West Virginia, Rubberlite, Inc., and its CEO/president, James Allen Mayo. The parties present wildly divergent versions of Defendant's contacts with West Virginia. Defendant claims it has literally no contacts with the state. *See Defendant's Memorandum in Support*, at p. 2-3. Plaintiffs respond with an affidavit from Mr. Mayo and several other documents

that seem to show that Defendant indeed had extensive contacts with the state. For example, the affidavit states, and these documents show, that the parties entered into a Confidentiality and Nondisclosure Agreement "with respect to the possibility of entering into a business relationship;" negotiated and exchanged drafts of a Development Agreement, with work to be performed at the Rubberlite's facility in West Virginia; and entered into a License Agreement, which specifically identified Rubberlite as having its principal place of business in West Virginia. *Plaintiff's Response,* at Ex. A, C, D. Plaintiffs also present Defendant's 2007 Business Plan. This document identifies the Rubberlite as an existing licensee and discusses the planned business relationship with it in considerable detail. *Id*. at Ex. E. Additionally, Plaintiffs have produced a copy of Defendant's September 2007 Task Log. The Task Log notes a "Trip to Huntington," which Plaintiffs state was merely one of seven. *Id.* at Ex. F. According to Plaintiffs, it was "[d]uring these West Virginia trips, and during [Defendant's president's] repeated email and telephone communications directed at Rubberlite's Huntington employees, [that] much of the improper conduct and misrepresentations at the heart of this lawsuit occurred." *Id.* at p. 4-5. At one point, BTI's president even emailed Plaintiffs that she "fell in love with Huntington" and was interested in renting a particular downtown office space she had seen on one of her trips. *Id.* at Ex. H.

## LEGAL STANDARD

"[T]he West Virginia long-arm statute is coextensive with the full reach of due process . . . ." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). "To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not 'offend traditional notions of fair play and substantial justice.'" *Vass v.*

*Volvo Trucks N. Am., Inc.*, 304 F.Supp.d 851, 854 (S.D. W. Va. 2004) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion . . . rel[ying] on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" *Celotex Corp.*, 124 F.3d at 628 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs*, 886 F.2d at 676). In all, there is a "very low threshold showing necessary to establish a prima facie case of personal jurisdiction" in West Virginia. *Vass,* 304 F.Supp.2d at 855.

## DISCUSSION

This motion requires little discussion. Defendant "recognize[s] that the law creates a 'low threshold' and requires the plaintiffs only to make a *prima facie* showing of jurisdiction, and that all allegations made by plaintiffs and inferences taken therefrom must be construed in favor of jurisdiction." *Defendant's Reply,* at p. 1. Moreover, "while [Defendant] maintains personal jurisdiction is lacking," it also "acknowledges plaintiffs have supplied an affidavit that appears to create an issue of fact that may be enough to be a *prima facie* case of personal jurisdiction." *Id.* The Court agrees that the affidavit establishes a prima facie case of jurisdiction. This showing is all that is required. Defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion. Denial shall be **without prejudice** and Defendant may present the issue at trial for resolution of any factual disputes concerning personal jurisdiction. Plaintiffs state that they "inadvertently failed to add [Defendant] to the definition of 'Baychar Defendants' at Paragraph 9 of the FAC [First Amended Complaint]" and request leave to file a Second Amended Complaint adding Defendant to such definition. The Court **GRANTS** Plaintiffs' request.

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER: February 24, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE